PROB 12C
Rev 2/03

# United States District Court

for

## Southern District of Ohio

2007 OCT 22 AM 11: 26

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: **Starrett Palmer**                              Case Number: **1:00CR00090 – 1**

Name of Sentencing Judicial Officer: **The Honorable Sandra S. Beckwith,
Chief United States District Judge**

Date of Original Sentence: **June 13, 2001**

Original Offense: **Conspiracy to Possess with Intent to Distribute Cocaine Base, a Class A Felony, in violation of Title 21 U.S.C., Sections 841(a)(1), 841(b)(1)(A) and 846. Penalties: Life imprisonment, with a mandatory minimum sentence of 10-years imprisonment, a $4,000,000.00 fine, at least Five years supervised release, and a special assessment of $100.**

Original Sentence: **63 month(s) prison, 60 month(s) supervised release**

Type of Supervision: **Term Of Supv Rel**              Date Supervision Commenced: **October 15, 2004**

Assistant U.S. Attorney: **Kenneth L. Parker**              Defense Attorney: **C. Ransom Hudson**

## PETITIONING THE COURT

[ ]   To issue a warrant
[X]   To issue an Order to Appear and Show Cause
[ ]   To grant an exception to revocation without a hearing.

| Violation Number | Nature of Noncompliance |
| --- | --- |
| #1 | Special Condition: The defendant shall participate in the Home Confinement Program with Electronic Monitoring for a period of (90 days) 3 months, following his release from the Mt. Airy Shelter.

Following his release from the Mt. Airy Shelter in May 2007, Mr. Palmer was instructed on numerous occasions to obtain a land line telephone in order to be installed on home confinement with electronic monitoring. He was given ample time to have services connected for the EM installation process. Additionally, a period of 45 days went by prior to the offender notifying the Electronic Monitoring Specialist (USPO David Backman) that he had an outstanding telephone bill and was unable to pay the bill in full in order to have a land line telephone connected at his residence. He subsequently inquired if he could utilize a cellular connection instead. Mr. Backman approved his request, and thereby ordered a monitoring unit capable of electronic monitoring through a cellular connection. The offender failed to follow through with scheduled appointments and Mr. Backman was unable to install the offender on EM, per the Court's order. Due to the offender's noncompliance, USPO Backman determined that he was not a suitable candidate for EM due to his inability to keep appointments and follow directions. |

#2   Condition #2: You shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month;

On September 24, 2007, this writer met with the offender. Just days earlier, this writer had a conference with the offender and the AUSA to discuss his noncompliant behavior. It was agreed that the offender would be given one last opportunity to comply. It was agreed that if the offender complied with the conditions, and was not abusing drugs, this writer would request that the condition of EM be modified with the offender entering the Talbert House Residential Re-entry Program to serve the remaining 90 day sanction as opposed to home confinement. In the meantime, this writer expressed concern about his drug use and wanted to ascertain his substance abuse status. On September 24, 2007, the offender was again instructed to report to the office on Mondays, Wednesdays and Fridays, for urinalysis testing. He failed to report on the following dates:

September 26, 2007
September 28, 2007
October 1, 2007
October 3, 2007
October 5, 2007
October 8, 2007
October 10, 2007
October 12, 2007
October 15, 2007
October 17, 2007

#3   Condition #7: You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

On September 20, 2007, the offender was instructed to report to the Probation Office on Mondays, Wednesdays and Fridays to submit to urinalysis testing. A specimen was collected on that date, in addition to his next scheduled reporting date for urinalysis. The offender submitted urines that tested positive as follows:

September 20, 2007   Benzoylecgonine-Cocaine Metabolite
September 24, 2007   Benzoylecgonine-Cocaine Metabolite

#4   The offender was instructed to make fine payments in the amount of $30 per month beginning April 16, 2007. To date, the offender has failed to make any payments as directed.

U.S. Probation Officer Recommendation: The offender has failed to follow through with any directives of this writer. He has continuously sabotaged all efforts and opportunities afforded him to bring his case into compliance. USPO Backman was extremely generous in allowing him time to resolve his landline/cellular telephone issues in order to be installed on home confinement. The offender has only offered numerous excuses as to why he has been unable to comply as directed. He has continued to abuse illegal substances, and he clearly demonstrates that he is not amenable to supervision, until he can address his issues of illegal drug use.

Additionally, the offender's failure to comply with the urinalysis testing to monitor his substance abuse is an indication of his continued use. Mr. Palmer claims he has no monetary funds to report for urinalysis. He was also informed about community resources whereby he could obtain bus tokens to accommodate his transportation issues. Mr. Palmer continuously utilizes manipulative behavior patterns to avoid compliance

PROB 12C
Rev 2/03

3

with his supervision obligations. His case requires a hearing to address the noncompliant behavior stated above. The offender currently resides at 5847 Lathorp Place, Apt. 2, Cincinnati, Ohio 45224.

The term of supervision should be
- [X] Revoked.
- [ ] Extended for   years, for a total term of   years.
- [ ] Continued based upon the exception to revocation under 18 USC 3563(e) or 3583(d)
- [ ] The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **October 17, 2007**

by

*Michelle Merrett* (signature)

**Michelle Merrett**
U.S. Probation Officer

Approved,

*John Cole* (signature)

**John Cole**
Supervising U.S. Probation Officer
Date:   **October 17, 2007**

---

THE COURT ORDERS:

- [ ] No Action
- [✓] The Court finds that there is probable cause to believe the defendant has violated the conditions of his/her probation/supervised release and orders the Issuance of a ~~Warrant for his/her arrest.~~ Summons. (per MM by MM/3)
- [ ] The Issuance of an Order to Appear and Show Cause
- [ ] The Court finds the defendant can benefit from continued substance abuse treatment and grants an exception to revocation. The supervision term of the defendant is continued under all original terms and conditions.
- [ ] Other

_____
Signature of Judicial Officer

10/19/07
Date